


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ADEL RASHED,  )   07CV6123
              )
    Petitioner )   JUDGE GUZMAN
              )
    v.        )   MAG. JUDGE KEYS
              )   A46 172 851
U.S. DEPARTMENT OF HOMELAND  )
SECURITY, U.S. CITIZENSHIP & )
IMMIGRATION SERVICE and the  )
UNITED STATES OF AMERICA,    )
              )
    Defendants. )

### PETITION FOR HEARING ON APPLICATION FOR NATURALIZATION

The Petitioner, Adel Rashed, by and through his own and proper person, and through his attorney, JUSTIN R. BURTON, of the LAW OFFICES OF KRIEZELMAN BURTON & ASSOCIATES, LLC, moves this Honorable Court for a *de novo* hearing on his application for naturalization pursuant to 8 U.S.C. Section 1447(b), and in support thereof, states as follows:

1.  Your Petitioner, Adel Rashed, a national and citizen of Yemen, was born on April 30, 1976. Further, that on November 1, 1996, your

Petitioner was granted his U.S. lawful permanent resident status. He has resided continuously in the United States since that admission.

2. That your Petitioner is thirty-one (31) years of age and resides at 4730 North Spaulding, #3, Chicago, Illinois, 60625, within the Northern District of Illinois.

3. That this instant petition is brought within 120 days after the Service's investigation and examination under 8 U.S.C. 1446.

Further, this matter was not decided either affirmatively or negatively since the date of the U.S. Citizenship & Immigration Services' interview on September 23, 2002.

## FACTUAL HISTORY

4. That your Petitioner, Adel Rashed, a Yemeni citizen and national, received his lawful permanent resident status on or about November 1, 1996.

5. That your Petitioner has remained in the United States continuously since the U.S. Citizenship & Immigration Service accorded him such status.

6. That your Petitioner has never been arrested or

convicted of any crimes either in the United States or overseas.

7. That your Petitioner was interviewed on September 23, 2002, pursuant to his naturalization application by the U.S. Citizenship & Immigration Service and at the time of interview, all requirements were met including answering the civics questions, reading and writing in the English language and conversing in English with the Immigration Officer.

Further, Mr. Rashed furnished all documents as requested at the time of interview. He further established that he was a person of good moral character.

8. That your Petitioner has failed to receive any word whatsoever regarding the adjudication of his application for naturalization.

### RELEVANT LAW

9. That your Petitioner shall be provided **de novo** review from a pending naturalization application to either determine the matter or remand the matter, with appropriate instructions, to the USCIS to determine the matter. 8 U.S.C. Section 1447(b).

10. That your Petitioner remains eligible to

naturalize pursuant to 8 U.S.C. Section 1427, to-wit:

> (a) no person, except as otherwise provided in this title, shall be naturalized unless such applicant:
>
> (1) immediately preceding the date of filing his application for naturalization, has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half that time, and who has resided with the United States or within the district of the Service in the United States in which the applicant filed the application for at least three months;
>
> (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship;
>
> (3) During all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

11. That in determining whether the applicant has sustained the burden of establishing good moral character and the other qualifications for citizenship specified in subsection (a) of this section, the Attorney General shall not be limited to the applicant's conduct during the five years preceding the filing of the application, but may take

4

into consideration as a basis for such determination, the applicant's conduct and acts at any time prior to that period.  8 U.S.C. Section 1427(e).

12.   That no person should be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was –

     (1) a habitual drunkard;

     (2) [stricken];

     (3) A member of one or more of the classes of persons, whether inadmissible or not, described in paragraphs (2)(D)(6)(E) and (9)(A) of Section 212(a) of this Act, or subparagraphs (A) and (B) of Section 212(a)(2) and subparagraph (c) thereof such action (except as such paragraph relates to a single offense of simple possession of marijuana); in the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period;

     (4) one whose income is derived principally from illegal gambling activities;

     (5) one who has been convicted of two or more gambling offenses committed during such period;

     (6) one who has given false testimony for the purpose of obtaining any benefits under this Act;

    (7) one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period;

    (8) one who has been convicted of an aggravated felony (as defined by subsection (a)(43). The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character. 8 U.S.C. Section 1101(f).

## ARGUMENT

14. That your Petitioner meets the statutory requirements for eligibility under the Immigration Act for United States naturalization.

15. That your Petitioner has resided in the United States for over five (5) years continuously as a lawful permanent resident, has met the civics and writing requirements, and remains a person of good moral character.

16. That the United States Citizenship & Immigration Services did not deny the underlying application for naturalization on ineligibility grounds.

    Further, the United States Citizenship &

6

Immigration Services did not deny the subject naturalization application on grounds that your Petitioner lacked good moral character.

That the United States Citizenship & Immigration Services has not adjudicated this matter within 120 days or even in a reasonable timetable as your Petitioner was interviewed on the subject application over one and a half years ago.

17. That your Petitioner is a person of good moral character, has met all requirements for eligibility for naturalization, and is not precluded from such relief due to his two arrests.

WHEREFORE, for those reasons set out above, your Petitioner, through counsel, prays:

A. That this Honorable Court grant a **de novo** review of the subject application for naturalization.

B. That this Honorable Court grant the subject petition for naturalization to that of a United States citizen.

C. For such other and further relief as is fair,

just and equitable in the premises.

                        Respectfully Submitted,
                        Adel Rashed

                        By: _____
                        His Attorney

JUSTIN R. BURTON, ESQ.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street - Suite 725
Chicago, Illinois 60602
(312) 332-2550

8

**CERTIFICATE OF SERVICE**

I, JUSTIN R. BURTON, ESQ. attorney for Petitioner, do certify that on October 30, 2007, I served a copy of the attached **Petitioner's Petition for Hearing on Application for Naturalization** to the following:

Hon. Donald Ferguson
Interim District Director
Department of Homeland Security/USCIS
101 West Congress Parkway
Chicago, Illinois  60605

Office of U.S. Attorney
230 South Dearborn Street -6th floor
Chicago, Illinois  60604

JUSTIN R. BURTON, ESQ.

JUSTIN R. BURTON, ESQ.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street - Suite 725
Chicago, Illinois  60602
(312) 332-2550