UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADEL RASHED, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY, U.S. CITIZENSHIP & )<br>IMMIGRATION SERVICES and the )<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendants. ) | Case No. 07 C 6123<br>A46 172 851 |

**AMENDED PETITION FOR HEARING ON APPLICATION
FOR NATURALIZATION and PETITION FOR WRIT OF MANDAMUS**

    The Petitioner, ADEL RASHED, by and through his own and proper person, and through his attorney, JUSTIN R. BURTON, of the LAW OFFICES OF KRIEZELMAN BURTON & ASSOCIATES, LLC, moves this Honorable Court for a *de novo* hearing on his application for naturalization pursuant to 8 U.S.C. Section 1447(b), and, in the alternative, for a Writ of Mandamus directing the U.S. Citizenship & Immigration Services ("USCIS") and the Federal Bureau of Investigations ("FBI") to adjudicate the application and process any and all background checks pursuant to the same and in support thereof, states as follows:

    1.    That Petitioner, ADEL RASHED, a native of Yemen and citizen of Yemen, was born on April 30, 1976. Further, that on November 1, 1996, Petitioner was granted his lawful permanent resident status. He has resided continuously in the United States since that admission.

1

2.   That Petitioner filed his application for naturalization with the "USCIS" on both March 19, 2002 and later, June 25, 2005.  He was interviewed on the first application which was denied for failure to be printed.[1]  He presently awaits an interview on the second application and Motion to Reopen.

3.   That no decision has yet been rendered on said application for naturalization or Motion to Reopen.

**JURISDICTION AND VENUE**

4.   That Petitioner is thirty-one (31) years of age and resides in the City of Chicago, County of Cook, State of Illinois, within the Northern District of Illinois.

5.   That Defendants maintain their offices in this district and the "USCIS" office in this district is responsible for adjudicating the Petitioner's application.

6.   That this Honorable Court has jurisdiction over the instant petition for hearing on the application for naturalization and Petition for Mandamus because this petition is brought more than 120 days after the Service's examination of Petitioner on his application for naturalization pursuant to 8 U.S.C. Section 1446, and no decision has yet been rendered.  8 U.S.C. Section 1447(b).

7.   That this Honorable Court has jurisdiction over this petition for a Writ of Mandamus pursuant to 28 U.S.C. Section 1331 (federal subject matter jurisdiction) in

conjunction with 28 U.S.C. Section 1361 (mandamus), the Administrative Procedure Act ("APA"), 5 U.S.C. Section 555(b), and the Immigration and Nationality Act ("INA") and its implementing regulations, found at Title 8 of the Code of Federal Regulations.

8. That under 28 U.S.C. Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". There is jurisdiction under 28 U.S.C. Section 1331 because this action arises under 28 U.S.C. Section 1361, the APA (5 U.S.C. Section 555(b), 702), and the Immigration and Nationality Act and implementing regulations.

9. That under 28 U.S.C. Section 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner".

10. Both the regulations and the INA provide numerous examples of duties owed by both USCIS and the FBI in the naturalization process. The INA States that the employee designated to conduct an examination on a naturalization application "*shall* make a determination as to whether the application should be granted or denied, with reasons therefore". 8 U.S.C. Section 1446(d)(emphasis added). The Regulations state, "The Service officer shall grant the

---

[1] Your Petitioner was printed prior to the application's denial.

application if the applicant has complied with all requirements for naturalization".  8 C.F.R. Section 335.3(a).  The statute also directs that an employee "of the United States, as so delegated by the Attorney General, shall conduct a personal investigation of the person applying for naturalization...". 8 U.S.C. Section 1446.  The Attorney General has delegated this duty to the FBI.  See 8 C.F.R. Section 335.2(b).

The language of the statute and regulations is mandatory, not discretionary, and requires Defendants to adjudicate the application for naturalization and process the investigation.  Because of this duty and the Petitioner's correlative right to have his application adjudicated, jurisdiction vests in mandamus before this Court.  *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002).

11.  That the APA requires USCIS and the FBI to carry out their duties within a reasonable time.  Specifically, 5 U.S.C. Section 555(b) states, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it".  USCIS and the FBI are federal administrative agencies and are therefore subject to 5 U.S.C. Section 555(b).  Petitioner contends that the delays in processing his application for naturalization, adjudicating his Motion to Reopen and scheduling an interview are unreasonable.

---

A Motion to Reopen remains pending on the first application.

**PARTIES**

12.   The Petitioner is a citizen of Yemen who has been a legal permanent resident of the United States since November 1, 1996, and who filed an application for naturalization, form N-400, with the USCIS on March 19, 2002 and June 25, 2005.

13.   That Defendant, United States Department of Homeland Security ("DHS") is sued as the Attorney General's designate for the duty of administration and enforcement of all the functions, powers and duties of USCIS and processing naturalization applications.  On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the new Department of Homeland Security.  Pursuant to the provisions of the Homeland Security Act, DHS came in to existence on January 24, 2003.  As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified, the functions of the INS of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INA was abolished on that date.  The transition and savings provisions of the Homeland Security Act, including Sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

14.  That the United States of America is sued in its capacity in processing any and all background clearance conducted on each applicant for naturalization.  This includes all agencies of the U.S. government.

**FACTUAL HISTORY**

15.  That Petitioner, Adel Rashed, a citizen of Yemen, received his lawful permanent resident status on or about November 1, 1996.

16.  That Petitioner has remained in the United States continuously since USCIS accorded him such status.

17.  That Petitioner has never been arrested for or convicted of any crimes.

18.  That Petitioner filed his first application for naturalization on March 19, 2002.  He was interviewed on the subject application on September 23, 2002.  Further, on October 21, 2003, the then Immigration & Naturalization Service forwarded a fingerprint notice to your Petitioner.

19.  That on February 23, 2004, after remaining briefly outside of the United States visiting family, your Petitioner returned and immediately was fingerprinted by the Immigration & Naturalization Service.

Further, on March 24, 2004, your Petitioner's N-400 application was denied for abandonment in light of not being fingerprinted.

20.  That upon receiving the decision, your Petitioner

immediately, and within thirty (30) days, filed a Motion to Reopen, pro se, in light of the Immigration Service error.

21.  That your Petitioner failed to receive any decision as it relates to this initial application and Motion to Reopen.

22.  That on June 29, 2005, your Petitioner, on advice of an "Information Officer" of the USCIS, filed an additional N-400 application with a fee payment.  He was thereafter fingerprinted on this application.  This application remains pending and your Petitioner has yet to be interviewed on the later application.

23.  That your Petitioner was examined on the March 19, 2002, naturalization application by the USCIS and at the time of examination, all requirements were met including answering the civics questions, reading and writing in the English language and conversing in English with the Immigration officer.

24.  That a decision has not yet been made on Plaintiff's Motion to Reopen and subsequently filed naturalization application.

Further, Petitioner was informed that a background check remains pending.

**RELEVANT LAW**

25.  That if there is a failure to make a determination on a naturalization application before the end of the 120-day period after the date of examination, an

7

applicant may apply to the district court for a hearing on the matter. The court may either determine the matter or remand the matter, with appropriate instructions, to the USCIS to determine the matter. 8 U.S.C. Section 1447(b).

26. That your Petitioner remains eligible to naturalize pursuant to 8 U.S.C. Section 1427, to wit:

(a) no person, except as otherwise provided in this title, shall be naturalized unless such applicant:

(1) immediately preceding the date of filing his application for naturalization, has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half that time, and who has resided within the United States or within the district of the Service in the United States in which the applicant filed the application for at least three months;

(2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship;

(3) during all periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

27. That Petitioner remains a person of good moral character as defined by 8 U.S.C. Section 1427(e), to wit:

In determining whether the applicant has sustained the burden of establishing good moral character and the

8

other qualifications for citizenship specified in subsection (a) of this section, the Attorney General shall not be limited to the applicant's conduct during the five years preceding the filing of the application, but may take into consideration as a basis for such determination, the applicant's conduct and acts at any time prior to that period.

28.  That Petitioner remains a person of good moral character as defined by 8 U.S.C. Section 1101(f), to wit:

That no person should be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was –

(1) a habitual drunkard;

(2) [stricken];

(3) A member of one or more of the classes of persons, whether inadmissible or not, described in paragraphs (2)(D)(6)(E) and (9)(A) of Section 212(a) of this Act, or subparagraphs (A) and (B) of Section 212(a)(2) and subparagraph (c) thereof such action (except as such paragraph relates to a single offense of simple possession of marijuana); in the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period;

(4) one whose income is derived principally from illegal gambling activities;

(5) one who has been convicted of two or more gambling offenses committed during such period;

(6) one who has given false testimony for the purpose of obtaining any benefits under this Act;

(7) one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period;

  (8) one who has been convicted of an aggravated felony (as defined by subsection (a)(43). The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character.

## REQUEST FOR RELIEF

(Hearing on the naturalization application)

29. The allegations contained in paragraphs 1 through 28 above are repeated and re-alleged as though fully set forth herein.

30. That Petitioner meets the statutory requirements of eligibility for naturalization under the Immigration and Nationality Act.

31. That Petitioner has resided in the Untied States for over five (5) years continuously as a lawful permanent resident, has met the civics and writing requirements and remains a person of good moral character.

32. That USCIS did not deny the underlying application for naturalization on ineligibility grounds. Further, USCIS did not deny the subject application on grounds that Petitioner lacked good moral character.

33. That USCIS has not adjudicated this matter within 120 days or even in a reasonable timetable as Petitioner was interviewed on the subject application over give years ago.

(Unreasonable delay)

34. The allegations contained in paragraphs 1 through 28 above are repeated and re-alleged as though fully set forth herein.

35. That the Defendants have willfully and unreasonably delayed and have refused to adjudicate the Motion to Reopen and subsequently filed N-400 application for naturalization.

36. That the delay in adjudicating the application is not attributable to Petitioner.

37. That the Defendants owe Petitioner a duty to adjudicate the subject Motion and the application and have unreasonable failed to perform that duty.  This duty is owed under the Administrative Procedures Act, Immigration and Nationality Act and implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

38. That the delay is unreasonable per se.

39. That the delay is unreasonable in light of the time frame Congress imposed on USCIS in adjudication of applications for naturalization.  8 U.S.C. Section 1447(b).

40. That the delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Petitioner will have to be fingerprinted again, in order to have the application for naturalization adjudicated.  Since USCIS has made no efforts to fingerprint him again, his case is in an indefinite administrative limbo.

41. That the delay is unreasonable in light of the

fact that the USCIS has been unable to adequately respond to any of the Petitioner's inquiries on his application.

42. That by making numerous inquiries on the status of the application, Petitioner has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to complete the investigation and adjudicate Petitioner's application for naturalization and/or Motion to Reopen.

43. That as a result of Defendants' delay, Petitioner has been prejudiced in that he cannot receive a successful adjudication of his application and a decision as to whether he can become a citizen of the United States, with all of the rights and privileges accorded to such status.

**WHEREFORE**, for those reasons set out above, your Petitioner, Adel Rashed, through counsel, prays that this Honorable Court:

A. Grant a *de novo* review of the subject application for naturalization.

B. Grant his application for naturalization to that of a United States citizen.

C. Alternatively, compel the Defendants to perform their duties to adjudicate the application for naturalization and process all background checks within a specific time frame.

D. Alternatively, enter an order compelling the

USCIS to adjudicate the Motion to Reopen.

    E.   Grant such other and further relief as is fair, just and equitable in the premises.

                      Respectfully Submitted,
                      Adel Rashed


                      By:/s/ Justin R. Burton, Esq.
                      One of his attorneys.



JUSTIN R. BURTON, ESQ.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street – Suite 725
Chicago, Illinois  60602
(312) 332-2550

**VERIFICATION**

I, JUSTIN R. BURTON, ESQ., being duly sworn and under oath, state as follows:

1. That I am an attorney admitted to practice before this Court and that I am a partner in the firm of KRIEZELMAN BURTON & ASSOCIATES, LLC.

2. I affirm the truth of the contents of the foregoing Petition upon information and belief. The source of my information and belief are documents provided to me by and conversations with the Petitioner.

Dated:  Chicago, Illinois
        February 11, 2008

/s/ Justin R. Burton, Esq.
Justin R. Burton, Esq.

**CERTIFICATE OF SERVICE**

    I, JUSTIN R. BURTON, ESQ., attorney for Petitioner, do certify that on February 11, 2008, I served a copy of the attached **Amended Petition for Hearing on Naturalization Application and Petition for Writ of Mandamus** to the following:

Mr. Donald Ferguson, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
219 South Dearborn Street – 5th floor
Chicago, Illinois  60604


                                        /s/ Justin R. Burton, Esq.
                                        Justin R. Burton, Esq.



JUSTIN R. BURTON, ESQ.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street – Suite 725
Chicago, Illinois  60602
(312) 332-2550